AMERICAN SAMOA RUGBY FOOTBALL ASSOCIATION (ASRFA), SENATOR TE`O J. FUAVAI, PRESIDENT, LEROY LUTU, VICE-PRESIDENT, FALEFATA LEMANA, EXECUTIVE SECRETARY/TREASURER, Plaintiffs,

v.

IULI ALEX GODINET, PURPORTED PRESIDENT OF IUNI LAKAPI AMERIKA SAMOA (ILAS), AUMAVAE T. AUMAVAE, PURPORTED EXECUTIVE COMMITTEE MEMBER OF ILAS, TITI NOFOAGATOTO`A, PURPORTED EXECUTIVE COMMITTEE MEMBER OF ILAS, SILIVA SILIVA, PURPORTED EXECUTIVE COMMITTEE MEMBER OF ILAS, Defendants.

High Court of American Samoa
Trial Division

CA No. 51-03
September 12, 2003

■

Before RICHMOND, Associate Justice, and Tapopo, Associate Judge.

Counsel: For Plaintiffs, Robert K. Maez
For Defendants, Katopau T. Ainu'u

## PRELIMINARY INJUNCTION

Plaintiffs brought this action for preliminary and permanent injunctions enjoining Defendants from using "Iuni Lakapi Amerika Samoa" as the name of their corporation. Plaintiffs' application for a preliminary injunction was heard on August 22, 2003, with both counsel present. During the hearing, the Court invoked T.C.R.C.P. 65 to advance and consolidate the trial on the merits with the application hearing.

■ A preliminary injunction is properly issued when "there is a substantial likelihood the applicant will prevail at trial on the merits" and obtain a permanent injunction against the opposing party, and "great or irreparable injury will result to the applicant before a full and final trial can be fairly held" on the permanent injunction issue. A.S.C.A. § 43.1301(j).

■ Defendants acknowledge that they named their corporation "Iuni Lakapi Amerika Samoa." They also acknowledge that they use this name in conducting the affairs of the corporation, even after the Territorial Register, correctly or incorrectly, voided the registration of their corporation so named and informed Defendants of her action. They are apparently relying on an opinion issued by the Attorney General that their use of this name does not violate A.S.C.A. § 30.0104(a), which provides that "[t]he name of each corporation must be such as to distinguish it upon the records of the territorial registrar from the name of any other corporation."

We disagree with the Attorney General. The name of Plaintiffs' corporation, registered in 1990, is "American Samoa Rugby Football Association." The two names are clearly different at face value. However, "Iuni Lakapi Amerika Samoa" is a literal translation in the Samoan language of "American Samoa Rugby Football Association" in the English language.

> The right of a corporation to the exclusive use of its corporate name is a common-law right, and equity will prohibit another from using a similar name has the potential to deceive the public.

> The protection of a corporate name against use by another person or business entity has been frequently based on the theory of fraud and the resulting deception of the public. The injury guarded against is twofold: (1) Public confusion caused by the palming off of goods and services of another corporation; and (2) Diversion of business from another corporation. The ultimate question is whether a person or entity is using a name to deceive the public into purchasing goods or services that they believe belong to another corporation.

*Id.* at § 2423.

 The common-law principles are, in our view, codified in A.S.C.A. § 30.0104(a). Accordingly, if the public is likely to be deceived by the similarity of the corporate names, injunctive relief is appropriate. In American Samoa, where most people speak both Samoan and English, the likelihood of public confusion from the Defendants' use in the Samoan language as their corporation's name the identical official name of Plaintiffs' corporation in the English language is great. The public is likely to assume the names are interchangeable and belong to the same corporate entity.

Apparently, for several years, Plaintiffs have not actively pursued the affairs of the American Samoa Rugby Football Association, particularly towards achieving the objectives of promoting and developing rugby for both local and regional competition. Additionally, Plaintiffs may be serving as officers without complying with selection procedures of the Association's bylaws. Defendants proclaim to have organized the Iuni Lakapi Amerika Samoa to overcome this inertia of purpose and the bylaw violations. Nonetheless, for preliminary injunction purposes, the likelihood of issuing a permanent injunction against Defendants upon completion of the trial on its merits is substantial, and until then, Plaintiffs will be greatly harmed by public confusion over which corporation is sponsoring noticed activities through Defendants' continuing use as a corporate name the Samoan translation of Plaintiffs' English corporate name.

The issue would be simply resolved if Defendants would select a clearly distinct name and amend their articles of incorporation accordingly.

## Order

1. During the pendency of this action, or until further order of the Court, Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are enjoined from using "Iuni Lakapi Amerika Samoa" as the name of their corporation.

2. Either Plaintiffs or Defendants may move to schedule a date for completion of the trial of this action.

It is so ordered.